Document Electronically Filed

Ronald J. Levine, Esq.
rlevine@herrick.com
David R. King, Esq.
dking@herrick.com
HERRICK, FEINSTEIN LLP
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 274-2000
Facsimile: (973) 274-2500
*Attorneys for Defendants,*
*Welch Foods Inc., A Cooperative*
*and The Promotion In Motion Companies, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAUREN HALL, on behalf of herself and others similarly situated, | Civil Action No. ____ |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | [Previously pending in the Superior Court of New Jersey, Monmouth County, Law Division, MON-L-1334-17] |
| WELCH FOODS, INC., A COOPERATIVE and THE PROMOTION IN MOTION COMPANIES, INC, | |
| Defendants. | |

## TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendants Welch Foods Inc., A Cooperative (hereinafter referred to as "Welch's") and The Promotion In Motion Companies, Inc. (hereinafter referred to as "PIM") (collectively "Defendants"), by and through their attorneys, Herrick, Feinstein LLP, and pursuant to 28 U.S.C. §§1332, 1441,

and 1446, hereby remove the above-captioned action from the Superior Court of the State of New Jersey, Monmouth County, Law Division, on the grounds of diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. §1332 ("CAFA"), for the reasons described below:

## I.

## INTRODUCTION

1.     On or about April 5, 2017, Plaintiff Lauren Hall ("Plaintiff"), individually and on behalf of others similarly situated, filed a civil action in the Superior Court of New Jersey for the County of Monmouth, entitled *Lauren Hall v. Welch Foods, Inc., A Cooperative and The Promotion In Motion Companies, Inc.*, Docket No. L-1334-17 (the "State Court Action").  A true and correct copy of the Summons, Complaint, and Civil Case Information Statement served upon Defendants is annexed hereto as **Exhibit A**.

2.     Plaintiff served the Complaint on Defendants on May 4, 2017.

3.     The Complaint alleges that Defendants are liable to Plaintiff and the putative class for allegedly violating the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1 *et seq*., violating the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. § 56:12-15 *et seq*., and for breach of express warranty, breach of implied warranty of merchantability, common law fraud, unjust enrichment, and injunctive and declaratory relief.

2

4.      Specifically, Plaintiff alleges that Defendants sell misbranded fruit snacks containing false and deceptive statements.  *See* Ex. A, at ¶ 1.  Among other claims, Plaintiff alleges that the statements "Made with REAL Fruit" and "Fruit is our 1st Ingredient" are false and/or misleading because the Products contain only a minimal amount of fruit.  *Id.* at ¶¶ 3-4.  Plaintiff also alleges that Defendants misleadingly market their Products as healthful and nutritious.  *Id.* at ¶ 5.

5.      The Complaint demands compensatory damages, restitution, treble damages under the New Jersey Consumer Fraud Act, punitive damages, injunctive and declaratory relief, prejudgment interest, and attorneys' fees, expenses and costs.

6.      The Complaint purports to seek certification of a potential class of "all persons in New Jersey who purchased Defendants' Products during the Class Period."  Ex. A, at ¶ 59.  The Class Period is defined in the Complaint as "from six years prior to the date of this filing to the present."  *Id.* at ¶ 2.

7.      All Defendants consent to this removal.

## II.

## GROUNDS FOR REMOVAL UNDER CAFA

8.      The Class Action Fairness Act, 28 U.S.C. § 1332(d), ("CAFA") provides this Court with original jurisdiction of this case and permits Defendants to remove the State Court Action from New Jersey state court to this Court.  CAFA

provides that federal district courts shall have original jurisdiction over class actions where the number of proposed class members is 100 or greater, any member of the putative class of plaintiffs is a citizen of a state different from that of any defendant, and the aggregate amount in controversy for all putative class members exceeds $5,000,000 (exclusive of interest and costs).  28 U.S.C. § 1332(d).  These jurisdictional requirements are satisfied in this action.

**A.      Minimal Diversity of Citizenship Exists Between the Parties**

9.      The named Plaintiff, Lauren Hall, is a citizen of New Jersey.  Compl. ¶ 11.

10.      Plaintiff filed the State Court Action as a putative class action on behalf of herself and a proposed class of "all persons in New Jersey who purchased Defendants' Products during the Class Period."  Compl. ¶ 59.

11.      Defendant Welch's is incorporated in the state of Michigan.  Compl. ¶ 15.  Its principal place of business is in Concord, Massachusetts.  Id.

12.      Defendant PIM is incorporated in the state of Delaware.  *See* Declaration of Scott Yales annexed as **Exhibit B** at ¶ 3.  Its principal place of business is in Allendale, New Jersey.  *Id.*

13.     Because Plaintiff is a citizen of New Jersey (*id.*) and Welch's is a citizen of Michigan and Massachusetts (Compl., ¶ 15), then at least one of the putative class members is a citizen of a state different from at least one of the Defendants and minimal diversity exists for purposes of removing this action for purposes of CAFA.  28 U.S.C. § 1332(d)(2).

**B.     The Amount in Controversy Exceeds $5,000,000**

14.     This is a civil action for which this Court has original jurisdiction under 28 U.S.C. §1332(d).  This action may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §§1441 and 1446.

15.     Removal is proper because based upon a fair reading of the Complaint and the Notice of Removal and supporting documents, Plaintiff and the putative class could recover more than the CAFA jurisdictional amount of $5,000,000.  *See Frederico v. Home Depot*, 507 F.3d 188, 196-97 (3d Cir. 2007).  Under 28 U.S.C. § 1332(d)(6), the amount in controversy in a putative class action is determined by aggregating the amount at issue in the claims of the individual class members. Applicable compensatory damages, statutory damages, punitive damages and attorneys' fees are considered in calculating the total damages figure.  *Frederico*, 507 F.3d at 198-99.

16.     "In removal cases, determining the amount in controversy begins with a reading of the complaint filed in state court."  *Samuel-Bassett v. KIA Motors Am.,*

*Inc.*, 357 F.3d 392, 398 (3d Cir. 2004).  "For jurisdictional proposes, [the Court's] inquiry is limited to examining the case 'as of the time it was filed in state court.'" *Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1349 (2013).  Because Plaintiff has not stated an exact sum sought in the Complaint, the Court must perform an independent appraisal of the amount in controversy and, in doing so, may rely upon facts alleged in Defendants' Notice of Removal.  *See Frederico*, 507 F.3d at 197; *see also Russ v. Unum Life Ins. Co.*, 442 F. Supp. 2d 193, 197 (D.N.J. 2006) ("If the complaint is open-ended and does not allege a specific amount, the court must perform an independent appraisal of the value of the claim by looking at the petition for removal or any other relevant evidence.").

17.     "[A] defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014); *see also Anderson v. Seaworld Parks and Entertainment, Inc.*, 132 F. Supp. 3d 1156, 1161 (N.D. Cal. Sept. 24, 2015) (plausibility standard also applies in CAFA context).

18.     Although Defendants dispute liability and any entitlement of Plaintiff or the putative class to monetary relief, it is respectfully submitted that, based upon a fair reading of this Notice of Removal and accompanying evidence, together with the Complaint – including consideration of the relief sought, the class definition,

and the scope and size of the class – the Complaint seeks damages which exceed the minimum jurisdictional amount of $5,000,000 under CAFA.  Since April 2011, the total New Jersey statewide sales of the Products with the labeling at issue were in excess of $100 million.  Yales Decl., ¶ 8.  This evidence is sufficient to establish that the amount in controversy exceeds the jurisdictional minimum for CAFA.  *See Dicuio v. Bro. Int'l Corp.*, 2011 WL 5557528, at * 3 (D.N.J. 2011) ("the Third Circuit has held that an uncabined damages request coupled with a statement in the Notice of Removal that the aggregated damages exceed $5 million, like that found here, is sufficient to establish the amount in controversy for CAFA purposes."); *see also Hoffman v. Natural Factors Nutritional Prods., Inc.*, 2013 WL 5467106, at * 7 (D.N.J. 2013) (denying motion to remand; certification from defendant that the total sales of the product at issue was $2.8 million, when plaintiff had alleged the out-of-pocket theory of damages; thus the total sales figure was representative of damages, multiplied by three to account for the treble damages under New Jersey Consumer Fraud Act was sufficient to vault the amount in controversy over the jurisdictional threshold).  Because the total wholesale sales for Defendants' Products sold in New Jersey are in excess of $100 million (Yales Decl., ¶ 8), the damages certainly exceed the $5 million threshold.

**C.     This Is a Class Action As Defined by CAFA**

19.     This action meets the applicable definition of a class action under

CAFA, which defines class action as "any civil action filed under rule 23 of the

Federal Rules of Civil Procedure or similar State statute or rule of judicial

procedure."  28 U.S.C. § 1332(d)(1)(B).

20.     Plaintiff filed the State Court Action as a putative class action on

behalf of herself and a proposed class of "[a]ll persons in New Jersey who

purchased Defendants' Products. . . ."  Compl. ¶ 59.  Thus, this action falls within

the definition of a "class action" under CAFA.

**D.     The Proposed Class Consists of More than 100 Persons**

21.     The putative class in this action consists of more than 100 members.

28 U.S.C. § 1332(d)(5)(B).  Although the Complaint does not identify the exact

size of the proposed class, it alleges that the class is "so numerous that joinder of

all members of the Class is impracticable."  Compl. at ¶ 60.  The proposed class

includes all persons who purchased Defendants' Products in the State of New

Jersey from April 2011 to present.  *Id.* at ¶ 59.  Given the size and breadth of

Plaintiff's putative class, coupled with the volume of sales for Defendants'

Products during the putative class period (Yales Decl., ¶ 8), the number of putative

class members in this case clearly satisfies the requirement that the proposed class

consist of at least 100 members.  *See* 28 U.S.C. § 1332(d)(5)(B).

8

### E.   None Of The CAFA Exceptions Apply In This Case

22.   28 U.S.C. § 1332 authorizes federal jurisdiction over class actions even in the absence of complete diversity between the parties, except where the "controversy is uniquely" connected to the state in which the action was originally filed.  Accordingly, the statute includes two mandatory exceptions to federal subject matter jurisdiction – the "home state" and the "local controversy" exceptions.  *Id.*  The statute also includes a third discretionary exception known as the "interests of justice" or "totality of the circumstances" exception.  28 U.S.C. § 1332(d)(3).

23.   With respect to the first mandatory exception, the "home state exception," the Third Circuit provided:

> The home state exception requires a federal court to decline to exercise subject matter jurisdiction in CAFA class actions where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed."  28 U.S.C. § 1332(d)(4)(B).  A party seeking to invoke this exception must therefore: (1) establish that the citizenship of the members of two-thirds or more of the putative class is the state in which the action was originally filed; (2) establish the citizenship of the defendants; (3) identify the primary defendants; and (4) demonstrate that two-thirds or more of the members of the putative class are citizens of the same state as the primary defendants.

*Vodenichar v. Halcon Energy Props., Inc.*, 733 F.3d 497, 503-04 (3d Cir. 2013).

Here, because the putative class is all persons in New Jersey who purchased Defendants' Products during the class period (which could reach back to purchases

from 2011), the putative class will include out-of-state residents who travel to and work in New Jersey, as well as current and former residents of New Jersey who are not citizens of New Jersey. *Dicuio*, 2011 WL 5557528, at * 4 (residency does not equate with citizenship). To invoke the home state exception, Plaintiff has the burden to prove that two-thirds of the putative class members are citizens of New Jersey, which she cannot do. *Id.* at *7.

24.     With respect to the "local controversy" exception, a party seeking to invoke this exception must show:

> (1) greater than two-thirds of the putative class are citizens of the state in which the action was originally filed; (2) at least one defendant is a citizen of the state in which the action was originally filed (the "local defendant"); (3) the local defendant's conduct forms a significant basis for the claims asserted; (4) plaintiffs are seeking significant relief from the local defendant; (5) the principal injuries occurred in the state in which the action was originally filed; and (6) no other class action asserting the same or similar allegations against any of the defendants had been filed in the preceding three years.

*Vodenichar*, 733 F.3d at 506-07. Here, as explained above, Plaintiff cannot establish that greater than two-thirds of the putative class are citizens of New Jersey. Additionally, at least two other class actions asserting the same or similar allegations against the same Defendants has been filed in the past three years, one of which was filed by the same counsel representing Plaintiff here.[1] Accordingly, the local controversy exception to CAFA does not apply here.

---

[1] *Atik v. Welch Foods, Inc. et al*, Civil Action No. 1:15-cv-05405 (MKB) (VMS), filed on September 19, 2015, made nearly identical claims as those alleged in the Complaint in this action

25.     CAFA also grants district courts discretion to decline jurisdiction over classes comprised of between one-third and two-third citizens of the state from which the action was removed.  28 U.S.C. § 1332(d)(3).  Before exercising that discretion, a court must engage in a totality of the circumstances balancing test, considering six statutorily enumerated factors.  *Dicuio*, 2011 WL 5557528, at * 2.  These factors are designed to elicit whether the parties' dispute is "uniquely local" as opposed to multistate in character.  *Id.*  "If the balance of factors suggests that the dispute is local, the court may exercise its discretion to remand."  *Id.*  The factors are:

a)  Whether the claims asserted involve matters of national or interstate interest;

b)  Whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;

c)  Whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;

d)  Whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;

---

involving the same two Defendants.  Indeed, the plaintiffs in the *Atik* action are represented by Kim Richman of Richman Law Group, who also represents Plaintiff here.  *Atik* is currently pending in the United States District Court for the Eastern District of New York and is a putative nationwide class action involving virtually identical claims regarding the exact same Products.

Additionally, *Iglesias v. Welch Foods, Inc. et al.*, Case No. CGC-16-555566, California Superior Court for the County of San Francisco, was filed on November 29, 2016 also involving the same Products at issue here seeking to represent a putative California only class seeking injunctive relief.  The *Iglesias* matter is also currently pending.

e) Whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

f) Whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

28 U.S.C. § 1332(d)(3). Here, Plaintiff cannot even establish that one-third of the putative class are citizens of New Jersey in order to permit this Court to engage in the interest of justice and totality of circumstances exception analysis. *Dicuio*, 2011 WL 5557528, at * 7 ("Plaintiff has not even presented evidence that at least one-third of the proposed class are citizens, which would permit me to engage in the totality of the circumstances test set forth in 28 U.S.C. § 1332(d)(3)."). But, even if the court did engage in the totality of the circumstances analysis, this action concerns fruit snack products that were sold nationally involving claims of national interest, and which are currently the subject of a putative nationwide class filed in federal court in New York. This action does not present uniquely local issues. Accordingly, the discretionary exception to CAFA does not apply here.

//

//

//

## III.

## PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

### A.     The Notice of Removal is Timely

26.     Plaintiff served the Complaint on Defendants on May 4, 2017.  This notice of removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b) because it is filed within thirty days after Defendants were served.

27.     No Defendant has filed a responsive pleading in the action commenced by Plaintiff in the Superior Court of New Jersey, Monmouth County and no other proceedings have transpired in that action.  By filing this Notice of Removal, Defendants expressly preserve and do not waive any defenses that may be available to them.  Moreover, by seeking to prove that the amount in controversy is greater than the jurisdictional amount, Defendants do not concede any liability or that the jurisdictional amount is recoverable.  Rather, Defendants deny that any amount is recoverable by Plaintiff or the putative class.

### B.     Venue is Proper

28.     The Superior Court of the State of New Jersey for the County of Monmouth is located within the District of New Jersey.  This notice of removal is therefore properly filed in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).[2]

---

[2]  While the Defendants believe that the United States District Court for the District Court of New Jersey is the proper venue to remove this action, the Defendants do

**C.      Notice of Filing**

29.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the clerk of the Superior Court of the State of New Jersey, Monmouth County and served upon counsel for Plaintiff.   A copy of the letter notifying the Clerk of the New Jersey Superior Court, Monmouth County, Law Division, of removal from state court, is annexed hereto as **Exhibit C.**

30.      This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure as required by 28 U.S.C. § 1446(a).

## IV.

## CONCLUSION

For the reasons stated, federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(d).  Accordingly, this action is removable from the Superior Court of New Jersey, Monmouth County to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446.

---

not agree that the litigation should be venued in New Jersey, and will make an appropriate motion to transfer venue to the United States District Court for the Eastern District of New York, where there is a related action pending (*Atik v. Welch Foods, Inc. et al*, Civil Action No. 1:15-cv-05405 (MKB) (VMS) (E.D.N.Y.)).

Dated:  June 5, 2017

**Of Counsel:**


VENABLE LLP
Daniel S. Silverman, Esq.
dsilverman@venable.com
Matthew W. Gurvitz, Esq.
mgurvitz@venable.com
2049 Century Park East, Suite 2300
Los Angeles, California  90067
Telephone:   (310) 229-9900
Facsimile:   (310) 229-9901
*Pro Hac Vice Applications to be filed*

HERRICK, FEINSTEIN LLP

By: /s/  *Ronald J. Levine*
Ronald J. Levine, Esq.
One Gateway Center
Newark, New Jersey 07102
Tel: (973) 274-2001
Fax: (973) 274-6404
rlevine@herrick.com

*Attorneys for Defendants, Welch*
*Foods Inc., A Cooperative and The*
*Promotion In Motion Companies, Inc.*